IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-01024 |
| | ) |
| DEFENDANT NO. 1: | ) |
| APPROXIMATELY $633,645.00 | ) |
| IN UNITED STATES CURRENCY | ) |
| | ) |
| DEFENDANT NO. 2: | ) |
| A 2002 WHITE FORD F650, | ) |
| VIN: 3FDNW65H22MA17898; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following properties for violations of 21 U.S.C. § 841 et seq., 18 U.S.C. § 1956(a)(1)(A)(i), and 18 U.S.C. 1960:

Defendant 1: Approximately $633,645.00 in United States currency;

Defendant 2: A White 2002 Ford F650, VIN: 3FDNW65H22MA17898.

## THE DEFENDANT IN REM

2. Defendant 1 consists of approximately $633,645.00 in United States currency that was seized on or about November 28, 2017 by the Junction City Police Department during a routine traffic stop of a 2002 White Ford F650, VIN: 3FDNW65H22MA17898 driven by Samuel Earl Nutt on I-70 near mile post 289 in Geary County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

Defendant 2 is a 2002 White Ford F650, VIN: 3FDNW65H22MA17898, registered to Samuel Earl Nutt and seized by the Drug Enforcement Administration on or about January 24, 2018 in Osage County, in the District of Kansas. The vehicle is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. Defendants 1 and 2 are subject to forfeiture for violations of 21 U.S.C. § 841, et seq., 18 U.S.C. § 1956(a)(1)(A)(i), and 18 U.S.C. 1960, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 21 U.S.C. §§ 881(a)(6) and (4), because they constitute 1) property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960, or any property traceable to such property; and/or 2) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 3) proceeds traceable to such an exchange; and/or 4) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act; and/or 5) were used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the

3

seizure and forfeiture of the defendant properties are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant properties; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant properties be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

_____
SEAN M.A. HATFIELD
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
KS S. CT No. 24098
sean.hatfield@usdoj.gov

## DECLARATION

I, Sargis Zadoyan, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29 day of January, 2018.

_____
TFO Sargis Zadoyan
DEA

## AFFIDAVIT

I, Sargis Zadoyan, a Task Force Officer with the Drug Enforcement Administration, being duly sworn, depose and state:

This affidavit is submitted in support of a forfeiture proceeding. The source of my information and the grounds for my belief are as follows:

1. I am currently a Task Force Officer with the Drug Enforcement Administration (DEA). I am employed as a police officer with the Kansas City International Airport Police (KCIPD), and have been so employed since January 2006. I have been assigned to the DEA Kansas City Interdiction Task Force (KCITF) since February 2008. During my current assignment with the DEA, I have participated in numerous investigations of individuals who violated the Controlled Substances Act (Title 21, United States Code) and related offenses. I have received trainings in the area of drug interdiction, financial investigations and drug trafficking investigations.

2. I have discussed the facts of this investigation with other law enforcement officers and agents involved in this investigation. I have also reviewed reports and evidence obtained by these officers and agents during the course of this investigation. The probable cause cited in this affidavit is derived from the reports and evidence obtained by these officers and agents as well as from my own involvement in the investigation.

3. On November 28, 2017, Junction City, Kansas Police Department, Officer Nicholas Blake, conducted a traffic stop on a 2002 Ford F650 on westbound I-70 near mile post 289. The traffic stop violation was for following to close and a cracked windshield. Officer Blake, after informing the F650 driver the reason for the traffic stop,

asked and received the driver's information. The driver, who was the only occupant of the vehicle, was identified as Samuel Earl NUTT with his Nevada Driver License.

4. After finishing the traffic stop, Officer Blake returned all the documents back to NUTT and released NUTT from the traffic stop. NUTT, after thanking Officer Blake, started walking back to the F650. Officer Blake then approached NUTT and asked for consent to search the F650. NUTT gave Officer Blake consent to search the truck saying "Yeah go ahead."

5. During the search of the F650, Officer Blake found an empty opened vacuum sealed plastic bag containing dryer sheets and had "20" written on it with a permanent black marker. Officer Blake then checked the external fuel tank on the bed of the truck and while looking inside the filler tube was able to see a false compartment inside. Officer Blake also noticed four (4) brand new looking mounting bolts on the fuel tank.

6. NUTT, along with the truck, was transported to the Geary County, Kansas Sheriff's garage for further investigation. At the Sheriff's garage, Officer Blake further searched the external fuel tank of the F650 and located 14 heat sealed plastic packages containing a large amount of U.S. currency. The U.S. currency was packaged in bags identical to the empty heat sealed bag Officer Blake located inside the truck during the initial search. Officer Blake, who is also a certified drug detecting K-9 handler, conducted a post seizure sniff of the U.S. currency packages. The K-9 drug detecting dog alerted positive to the odor of narcotics from the packages containing the U.S. currency.

7. NUTT was provided a written disclaimer of the U.S. currency, as he had previously made stated to law enforcement that he had no knowledge of the U.S. currency. NUTT read and signed the disclaimer.

8. The unofficial count of the U.S. Currency was recorded as approximately $633,645.00. The U.S. Currency recovered from NUTT's pocket was a small bundle which had a black rubber band on it. A small plastic bag containing new black rubber bands was recovered from NUTT's bags in the truck. The currency was wrapped in multiple bundles in black rubber bands identical to the ones in the truck and from NUTT's person. A half box of Bounce dryer sheets were recovered from one of NUTT's duffel bags, which appeared to be the same or similar dryer sheets used to package the U.S. currency contained in the heat sealed bags. A clear plastic bag containing drier sheets, initially vacuum sealed and later opened, was recovered from one of NUTT's bags, which was identical to the way the U.S. currency was packaged inside the vacuum sealed bags.

9. Based on the information set out above, I have probable cause to believe that the Ford F650 and the approximately $633,645.00 constitute 1) property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960, or any property traceable to such property; and/or 2) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 3) proceeds traceable to such an exchange; and/or 4) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act; and/or 5) were used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance.

Accordingly, the Ford F650 and approximately $633,645.00 are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 21 U.S.C. §§ 881(a)(6) and (4) for

3

violations of 21 U.S.C. § 841, et seq., 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 1960.

Sargis Zadoyan
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed by me this 29 day of January, 2018.

NOTARY

TOSHA KNOCHE
My Commission Expires
October 1, 2019
Clay County
Commission #15603150

4